In the Matter of the Marriage of
WEBB, *Respondent,*
*and*
WEBB, *Appellant.*
(No. 76-156-E-1, CA 6901)
561 P2d 677

Herbert A. Putney, Medford, argued the cause and filed the brief for appellant.

Alan B. Holmes, Medford, argued the cause for respondent. With him on the brief were Holmes, James & Clinkinbeard, Medford.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

The husband appeals the dissolution of marriage decree contending the award of spousal and child support was excessive. The parties, both in their mid-thirties, were married 11 years and had two children, now ages 10 and 7. The husband is employed as a truck driver. The wife has past work experience but now suffers from acute rheumatic rheumatoid arthritis. The decree awarded custody of the children to the wife and gave her the principal property of the marriage, a mobile home. It also provided for child support of $200 per month per child and spousal support of $400 per month for 12 months and $300 per month thereafter until death or remarriage.

■ The trial court explained that the reason for permanent spousal support was his conclusion that the wife's physical condition rendered her unemployable. The husband contests that conclusion. Testimony on this issue came from the wife, her physician and two acquaintances of the wife called as witnesses by the husband. They all testified that the wife's condition was severe, although her ability to function varied from day to day. The husband does not challenge the credibility of the witnesses, but relies on an isolated statement by the physician that she could perform a "sedentary job." The physician also testified that considering the wife's condition he was surprised she was able to keep up her home. The trial judge concluded:

> "* * * Ordinarily when you get a lady who some days can't get out of bed and who, according to Mrs. Bascom and Mrs. Bascom was called by the Respondent, has to be helped out of a chair and is unable to telephone and is unable to write, you have a person that in my opinion is not employable."

We concur.

The husband also contends that the award is excessive considering his income and the hours he must work to earn that income. During the seven

months preceding the trial the husband earned $14,686. The husband's counsel contends that to generate this income he has to work 80 hours a week. The record does not support the contention. The husband's testimony was that on some runs he worked 80 or more hours per week, but other weeks he worked 25 to 30 hours. The husband's 1975 income tax return shows a gross income of $22,282. He testified that 1975 was a "slow" year, and he had far fewer runs then than during the first six months of 1976.

■ Considering all the circumstances, particularly the wife's physical condition and her drug and medical expenses, we believe the award of the trial court was reasonable. The court acknowledged that if the wife's condition should improve sufficiently, she had a duty to seek employment and her improved condition would be a change of circumstances warranting modification.

Affirmed. No costs.